UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

TONIE HAMILTON TORBOH,

                              Civil No. 22-1325 (JRT/DTS)

           Plaintiff,

v.

UNITED STATES OF AMERICA,[1]         **MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

           Defendant.

---

Tonie Hamilton Torboh, 7460 Kentucky Avenue, 201, Brooklyn Park, MN 55428, *pro se* Plaintiff.

Gregory G. Brooker, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendant.

Plaintiff Tonie Hamilton Torboh filed a complaint against the United States Small Business Administration ("SBA"), claiming discrimination against him and seeking damages for pain and suffering and loss of business. The United States filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 4(m) for failure to complete service under Rule 4(i). (Def.'s Mot. Dismiss, Aug. 22, 2022, Docket No. 13.) Because the Court concludes that Torboh did not properly serve a United States agency, Rule 4(m) requires that the complaint be dismissed without prejudice.

---

[1] The United States of America has been substituted in place of the United States Small Business Administration pursuant to 28 U.S.C. § 2679(a).

**BACKGROUND**

On November 12, 2021, Torboh filed a civil complaint in state court against the SBA. Torboh claims that he applied for a small business loan on June 7, 2020, and his application was approved the following week. (Compl. at 3, May 17, 2022, Docket No. 1-1.) Unfortunately, Torboh made a mistake and listed his personal bank account, rather than his business account, so the loan was sent back to the SBA. (*Id.*) Torboh claims that the SBA then asked him to send his business account information so they could send the loan to him, but that they ultimately never sent the loan. (*Id.*) In his complaint, Torboh claims that the SBA caused him headaches, stress, sleepless nights, and that the SBA discriminated against him and his business. (*Id.*) Torboh demands $150,000.00 for discrimination against him and his business, $100,000.00 for pain and suffering, and $100,000.00 for loss of business. (*Id.* at 1.)

The United States removed the action to federal court on May 17, 2022, pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), and 1446. (Notice of Removal at 2, May 17, 2022, Docket No. 1.) On May 23, 2022, the United States sent a letter to Torboh that explained how to serve the United States and its agencies under Rule 4(i) of the Federal Rules of Civil Procedure. (Decl. Gregory G. Booker, July 8, 2022, Docket No. 9.) Torboh did not respond to the letter.

Torboh has not attempted to serve his complaint to the United States Attorney General for the District of Minnesota in Minneapolis, Minnesota. (*Id.* at 1.) Further, the

United States has received no notice from the United States Department of Justice in Washington D.C. or the SBA that Torboh has attempted to serve or has served the complaint to those organizations. (*Id.* at 2.) To date, Torboh has not contacted or filed any documents with the Court.

## DISCUSSION

The Court must dismiss Torboh's complaint for failure to complete proper service under Federal Rule of Civil Procedure 4(m). Properly effected service of process is a fundamental element to any lawsuit. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Defects in service of process are jurisdictional in nature. "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). Moreover, the "mere fact that a defendant has received actual notice of the pending action is not sufficient if there has not been compliance with the plain requirements" of Federal Rules of Civil Procedure Rule 4. *Baden v. Craig-Hallum, Inc.*, 115 F.R.D. 582, 586 n.4 (D. Minn. 1987); *see also Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (providing that if a defendant "was improperly served, the district court lacked jurisdiction over that defendant whether or not it had actual notice of the lawsuit"); *Seretse v. Andersen Corp.*, No. 12-323, 2013 WL 2434876 at *3 (D. Minn. June 4, 2013).

Rule 4(i) governs serving the United States and its agencies, corporations, officers, or employees. Fed. R. Civ. P. 4(i). Rule 4(i) requires:

> (1) To serve the United States, a party must:

>> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to the assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
>> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
>> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
>> (2) To serve a United States agency . . . a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency[.]

Fed. R. Civ. P. 4(i)(1)(A–C). Broadly, to serve a United States agency, a plaintiff must send the summons and the complaint to (1) the United States Attorney for the district where the action is brought, (2) the Attorney General of the United States, and (3) the agency being sued. If proper service has not been completed within 90 days, Rule 4(m) requires the case be dismissed. Fed. R. Civ. P. 4(m). On a Rule 4(m) motion to dismiss, the Court first asks whether the plaintiff has demonstrated good cause for its failure to serve within the 90–day period. *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 612–13 (8th Cir. 2003). If the plaintiff demonstrates good cause, an extension of time is mandatory. *Id*. Absent

good cause, the district court may, in its discretion, nevertheless grant an extension of time if plaintiff demonstrates excusable neglect. *Id*.

Here, Rule 4(i) applies because Torboh filed a complaint against the SBA, which is a federal agency. However, Torboh did not complete Rule 4's plain requirements for serving a United States agency. There is no evidence that he served the Attorney General of the United States in Washington D.C., the SBA, or the United States Attorney General for the District of Minnesota. Moreover, Torboh has not shown good cause for failing to serve them within the allotted 90 days. Because Torboh did not comply with Rule 4(i), the Court must dismiss his complaint without prejudice pursuant to Rule 4(m).[2]

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Docket No. 13] is **GRANTED**. The case is dismissed without prejudice.

DATED: December 9, 2022　　　　　　　　　　　_____
at Minneapolis, Minnesota.　　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2] "Without prejudice" means that Torboh may refile this action in the future. *See Dismissed Without Prejudice*, Black's Law Dictionary (11th ed. 2019). However, if Torboh refiles this action, he must satisfy the service requirements or the lawsuit will once again be dismissed.